The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following which were agreed upon by the parties in the Pre-trial Agreement and at hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the plaintiff and defendant-employer at all times relevant to this claim.
3. Liberty Mutual Insurance Company is the carrier on the risk.
4. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on 3 February 1994.
5. The average weekly wage of plaintiff shall be computed from the Form 22 wage chart.
6. The only issue for determination is what amount of permanent partial disability is due the plaintiff, if any.
****************
The Full Commission rejects the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff sustained a compensable injury to his back on 3 February 1994. Plaintiff, who worked as a fixer keeping machines running, slipped on a piece of scrap wire on the floor. One foot slipped toward the right and his upper body went toward the left causing plaintiff to grab a chair to keep from falling. Plaintiff immediately felt a sharp pain in his back.
2. Plaintiff sought treatment by his family physician, Dr. Robert Hart on 8 February 1994. Dr. Hart diagnosed back strain and subsequently referred plaintiff to Dr. H. Grey Winfield III, a Hickory orthopaedic surgeon for a one time evaluation on 11 March 1994 when plaintiff continued to experience pain after conservative treatment.
3. Plaintiff continued to work light duty with restrictions of 15 pounds during the time he was receiving medical treatment from Dr. Hart. Plaintiff was terminated from employment on 24 February 1994 for insubordination arising out of a work related disagreement. Although plaintiff was on light duty, any employee not on restricted duty would likely be terminated for the type of conduct exhibited by plaintiff.
4. Dr. Winfield examined plaintiff on 11 March 1994. According to his notes, plaintiff was neurologically intact with full range of motion in the joints in the lower extremities. He opined that plaintiff has a workers' compensation back injury with symptom magnification. Dr. Winfield further opined that plaintiff was able to work with restriction of lifting no more than five (5) pounds and no bending. Dr. Winfield prescribed anti-inflammatory medication and encouraged plaintiff to continue to do his stretching exercises. Dr. Winfield further opined that plaintiff was not a surgical candidate and that he felt this injury would resolve without any permanent disability. On 11 March 1994 when plaintiff was evaluated by Dr. Winfield, he had not reached maximum medical improvement as was apparent by the restrictions of lifting no more than five (5) pounds and no bending.
5. No doctors were deposed in this case. The medical records of Dr. Robert Hart consist of a series of injury status reports beginning 8 February 1994. As of the date of the last record of medical treatment by Dr. Hart on 28 February 1994, Dr. Hart reported that plaintiff could return to work with restrictions of no repetitive bending, stooping, or lifting and lifting was restricted to a maximum of 10-15 pounds. These restrictions had remained unchanged since 8 February 1994. Dr. Hart's records indicate that no permanent disability was expected as of 11 February 1994. At the time of plaintiff's last treatment by Dr. Hart on 28 February 1994, he had not reached maximum medical improvement.
6. Plaintiff sought an authorized second opinion from Dr. Maher Habashi on 15 June 1994. At said time, plaintiff's chief complaints were pain in the lower back and pain in both legs. Dr. Habashi's medical notes indicate that plaintiff showed tenderness to palpitation and limited range of lumbar spine motion. The x-rays reviewed by Dr. Habashi from the Hart Clinic showed straightening of the normal lordotic curve. Based upon his orthopaedic examination of plaintiff which included observation and testing of the cervical spine, thoracic and lumbar spine; lumbar range of motion, tests and examination of the plaintiff's pelvis, sacrum, coccyx, upper extremities and lower extremities. Dr. Habashi also conducted a, neurological examination and vascular examination and a review of the medical records and x-ray results from other medical providers. Dr. Hart diagnosed lumbosacral sprain.
7. Based upon his objective and subjective findings from the examination and review of medical records, Dr. Habashi was of the opinion that plaintiff had sustained a 5% permanent partial impairment of his back as a result of his injury of 3 February 1994. He further opined that plaintiff may need future medical care in the form of evaluation, medication and an MRI. Dr. Habashi is the only doctor who examined plaintiff at the end of his healing period for the purpose of providing a permanent partial disability rating. Consequently, more weight is accorded to the opinion of Dr. Habashi on the issue of plaintiff's permanent partial impairment.
8. At the hearing, plaintiff, through his attorney, abandoned plaintiff's claim for additional temporary total disability compensation due to evidence presented at the hearing that reflected on the credibility of plaintiff's testimony in reference to his termination and physical limitations arising from the injury. Whether plaintiff has a permanent partial impairment resulting from his admittedly compensable injury is a medical question. Dr. Habashi rendered an opinion based upon objective and subjective data. Based upon the greater weight of the evidence, plaintiff sustained a 5% permanent partial impairment as a result of his admittedly compensable injury of 3 February 1994. Plaintiff is entitled to payment for permanent partial impairment to his back.
9. Plaintiff's average weekly wage at the time of injury was $323.89 which yields a compensation rate of $215.94.
****************
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following
CONCLUSIONS OF LAW
1. On 3 February 1994, plaintiff sustained an admittedly compensable injury to his back arising out of and in the course of his employment with defendant-employer, which was the direct result of a specific traumatic incident of the work assigned. Plaintiff is entitled to workers' compensation benefits for said injury. N.C. Gen. Stat. § 97-2 (6).
2. Based upon the stipulations of the parties, the plaintiff is not entitled to any further temporary total disability compensation.
3. Plaintiff is entitled to compensation at the rate of $215.94 for 15 weeks for the 5% permanent partial impairment rating to his back resulting from his compensable injury. N.C. Gen. Stat. § 97-31 (23).
4. Plaintiff is entitled to such medical treatment as is reasonably required to effect a cure, provide relief and/or would tend to lessen his period of disability. Plaintiff will likely need future medical treatment. N.C. Gen. Stat. § 97-25.
****************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay to plaintiff permanent partial impairment compensation benefits at the rate of $215.94 for 15 weeks for the 5% permanent partial impairment to his back.
2. Defendants shall pay all medical expenses incurred or to be incurred in the future by plaintiff arising from his compensable injury when bills for same have been submitted and approved according to procedures adopted by the Industrial Commission.
3. Plaintiff's attorney is hereby awarded a 25% attorney's fee which shall be deducted from the compensation due plaintiff herein and paid directly to plaintiff's attorney.
4. Defendants shall pay the costs due this Commission.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________ COY M. VANCE COMMISSIONER
S/ _____________________ J. RANDOLPH WARD COMMISSIONER
BSB:md